1
2
3
4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6                                  SAN JOSE DIVISION

7

8    MARK ANTHONY REED,                        Case No.  5:22-cv-03942-EJD

              Plaintiff,
9                                              **ORDER GRANTING PLAINTIFF'S**
                                               **MOTION FOR SUMMARY**
10        v.                                   **JUDGMENT; DENYING**
                                               **DEFENDANT'S MOTION FOR**
11   FRANK J. BISIGNANO, ET AL.,               **SUMMARY JUDGMENT**

              Defendants.
12                                             Re: Dkt. No. 36
13

14        Plaintiff Mark Anthony Reed ("Reed") appeals the Commissioner of Social Security's[1]

15   final decision determining that Reed was not disabled and therefore ineligible for disability

16   benefits under Title XVI of the Social Security Act.  Mot. for Summ. J. ("MSJ"), ECF No. 14;

17   Cross-MSJ, ECF No. 18; Opp'n to Cross-MSJ, ECF No. 21.

18        Having considered the parties' motions and the record in this matter, the Court **GRANTS**

19   Reed's motion for summary judgment and **DENIES** the Commissioner's cross-motion for

20   summary judgment.  Accordingly, the Court **REVERSES** the Commissioner's final decision and

21   **REMANDS** for calculation and award of benefits.

22   **I.    BACKGROUND**

23        There are two periods of time relevant to this Order: (1) January 7, 2015, to July 27, 2017

24   ("the 2015–2017 period"); and (2) July 27, 2017, to present ("the 2017–present period").  Reed

25   has been receiving Title XVI benefits during the 2017–present period, but he challenges the denial

26

27   [1] The Current Commissioner, Frank J. Bisignano, is automatically substituted as Defendant in
     place of his predecessor.  Fed R. Civ. P. 25(d).

28   Case No.: 5:22-cv-03942-EJD
     ORDER ON MOTIONS FOR SUMMARY JUDGMENT
                                                    1

of his benefits during the 2015–2017 period.

Reed filed his first application for disability benefits on January 7, 2015. Administrative Record ("AR") 189–97, ECF No. 19. The application was denied, so Reed appealed and appeared before Administrative Law Judge Evangelina P. Hernandez ("the ALJ"). AR 42–78. The ALJ issued an unfavorable decision on July 27, 2017, finding Reed not disabled. AR 22–36. While the ALJ found Reed had the severe impairments of obesity, glaucoma, osteoarthritis, depressive disorder, joint disorder, bilateral peripheral neuropathy, and substance use disorder, she also found that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 24–26. After conducting a residual functional capacity ("RFC") assessment, the ALJ concluded that Reed could accomplish less than the full range of "light work" with certain limitations and was not disabled because could perform jobs existing in significant numbers in the national economy. AR 34–46.

Reed filed a request for review of this decision with the Appeals Council. The Council issued a partially favorable decision. AR 1–10. It agreed with the ALJ that Reed was not disabled during the 2015–2017 period under the framework in Medical-Vocational Rule *202.10*; but it found that at the time of the ALJ's order, Reed was close to reaching the age required for the "advanced age category" of vocational guidelines in Medical-Vocational Rule *201.01*, and under those guidelines, Reed would be considered disabled. AR 5. The Council therefore found Reed disabled beginning on July 27, 2017, the date of the ALJ's first order. AR 8.

Reed then filed his first case in the Northern District of California in 2019, seeking judicial review of the finding that he was not disabled during the 2015–2017 period. *Reed v. Saul*, No. 19-CV-01887-JSC, 2020 WL 553943 (N.D. Cal. Feb. 4, 2020). Judge Corely granted Reed's request for remand on February 4, 2020, finding that the ALJ failed to: (1) provide specific, clear and convincing reasons supported by substantial evidence for discounting Reed's subjective testimony regarding his pain and functional limitations; and (2) weigh the medical evidence regarding Reed's mental function capacity based on substantial evidence. *Id.* Judge Corely remanded for further proceedings, rather than remand for calculation of benefits, because the record had not

United States District Court
Northern District of California

1    been fully developed as to those issues.  *Id.*

2    Pursuant to the remand, the same ALJ held two additional hearings on October 6, 2021,

3    and December 15, 2021, then issued another unfavorable decision on March 15, 2022.  AR 866–

4    85.  The ALJ found that Reed suffered from severe impairments of obesity; degenerative disc

5    disease; post-traumatic glaucoma; osteoarthritis; post-traumatic stress disorder (PTSD); affective

6    disorder; severe, recurring major depressive disorder with psychotic features; and polysubstance

7    abuse in partial remission.  But the ALJ also found that these impairments did not meet or

8    medically equal the severity of one of the listed impairments, and Reed had the residual functional

9    capacity to perform "light work."  AR 869–70.

10    Reed subsequently filed his current, and second, action for judicial review on July 6, 2022.

11    After the Court granted several continuances, briefing on this motion concluded on May 14, 2025.

12    **II.    LEGAL STANDARD**

13    Courts review an ALJ's decision to deny Social Security benefits for substantial evidence.

14    *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023).  There is substantial evidence when there

15    is "more than a mere scintilla, but less than a preponderance" of evidence.  *Lingenfelter v. Astrue*,

16    504 F.3d 1028, 1035 (9th Cir. 2007).  Put differently, substantial evidence is "such relevant

17    evidence [that] a reasonable person might accept as adequate to support a conclusion."  *Id.*  If an

18    ALJ's decision is not supported by substantial evidence, courts will reverse.  *Glanden*, 86 F.4th at

19    843.  Courts also review an ALJ's decision for legal error.  *Id.*  If the decision contains a legal

20    error, courts will reverse that decision unless the legal error was harmless.  *Stout v. Comm'r, Soc.*

21    *Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).  An error is harmless only when it is

22    "inconsequential to the ultimate nondisability determination" or when "the agency's path [to its

23    conclusion] may reasonably be discerned" despite the error.  *Brown-Hunter v. Colvin*, 806 F.3d

24    487, 494 (9th Cir. 2015) (citations omitted).

25    **III.    DISCUSSION**

26    The Court finds the ALJ erred by again rejecting Reed's testimony without providing

27    specific, clear, convincing reasons.  For this reason, the Court remands this case for calculation

1    and award of benefits.

2         A.    **Rejection of Claimant's Testimony**

3         In dealing with a claimant's subjective testimony, when the claimant has medically

4    supported impairments that could cause her symptoms,[2] the ALJ must provide "specific, clear, and

5    convincing reasons" for "reject[ing] the claimant's testimony about the severity of those

6    symptoms." *Ferguson v. O'Malley*, 95 F.4th 1194, 1197–98 (9th Cir. 2024) (quoting *Brown-*

7    *Hunter*, 806 F.3d at 488–89).  This requires the ALJ to "show [her] work" by providing an

8    explanation "clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489,

9    499 (9th Cir. 2022).  "A clear statement of the agency's reasoning is necessary because [the court]

10   can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."

11   *Brown-Hunter*, 806 F.3d at 492.

12        In *Brown-Hunter*, the ALJ made the conclusory declaration that "the claimant's statements

13   concerning the intensity, persistence and limiting effects of these symptoms are not credible to the

14   extent they are inconsistent with the above residual functional capacity assessment." *Id.* at 493.

15   Then, the ALJ merely summarized the medical evidence before paraphrasing her earlier

16   conclusion, stating again that "the functional limitations from the claimant's impairments were

17   less serious than she has alleged." *Id.*  The Ninth Circuit held that the ALJ's explanation failed to

18   satisfy the specific, clear, and convincing standard because it did not specifically identify portions

19   of the claimant's testimony that were allegedly inconsistent with the record, and the explanation

20   did no more than summarize the medical evidence. *Id.* at 494.  Although a court might have been

21   able to draw reasonable inferences from the summarized evidence, the Ninth Circuit explained that

22   doing so results in the court improperly making credibility determinations in place of the ALJ. *Id.*

23   (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).  Rather than allowing a court to

24   infer the ALJ's reasoning, the specific, clear, and convincing standard requires the ALJ to do the

25   work of linking specific testimony to specific evidence undermining that testimony. *Id.*  The

26

27   ───────────────────────────────
     [2] The ALJ found this first step satisfied.

28   Case No.: 5:22-cv-03942-EJD
     ORDER ON MOTIONS FOR SUMMARY JUDGMENT
     4

United States District Court
Northern District of California

1    purpose is to allow courts to review the ALJ's actual reasoning instead of speculating on what that

2    reasoning may have been.  *Id.*

3        The Court finds the ALJ failed to meet this standard.  The ALJ began her RFC analysis by

4    reciting the following:

> After careful consideration of the evidence, I find that the claimant's
> medically determinable impairments could reasonably be expected to
> cause the alleged symptoms; however, the claimant's statements
> about the intensity, persistence and limiting effects of these symptoms
> are not entirely consistent with the medical evidence and other
> evidence in the record for the reasons explained in this decision.

AR 872.

        She then proceeded to summarize Reed's medical records, similar to the ALJ in *Brown-*

*Hunter*.  There are only two instances where the ALJ linked specific testimony to any other

evidence in the record.  First, the ALJ noted that Reed testified during the December 2021 hearing

that his girlfriend assists him with personal care and household chores, but he reported elsewhere

that he has "independence in activities of daily living and denies needing help with dressing,

bathing, eating, ambulating, toileting, and hygiene."  AR 873.  Second, the ALJ noted that Reed

testified during the December 2021 hearing that "he can read and understand only simple words

such as 'see Tom run,' and that his sister assists him with forms and application," but he was able

to read and complete a history form in September 2015, as well as study his AA book in October

2015.  AR 878.  The ALJ did not cite to any other part of Reed's testimony—and notably, did not

explicitly reference any of his testimony from the April 2017 hearing[3]—thus it appears the ALJ

found Reed's entire testimony uncredible based on these two claimed inconsistencies.  *See*

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's vague

allegation that a claimant's testimony is not consistent with the objective medical evidence,

without any specific findings in support of that conclusion is insufficient for our review.")

(internal quotations omitted).

---

[3] It is particularly noteworthy that the ALJ did not identify any testimony from the 2017 hearing
given that this hearing occurred during the relevant 2015–2017 period, rather than the 2021
hearing, which occurred several years after the relevant period.

1    As an initial matter, Reed's testimony that he experiences limitations in personal care and

2  household chores is not contradicted by evidence that he does not need help "dressing, bathing,

3  eating, ambulating, toileting, and hygiene," and it is not dispositive of disability.  As Judge Corely

4  stated in the prior order remanding this case, "[t]hat Plaintiff is able to perform his own hygiene,

5  can dress himself, can do simple food preparation, can do dishes, can do his laundry, and can use

6  the phone and public transportation does not mean he does not suffer from mental and physical

7  health issues which would preclude him from working." *Reed*, 2020 WL 553943, at *6 (internal

8  citations and punctuation omitted).  Similarly, the ability to study the twelve steps of his AA plan

9  and complete a history form in 2015 is not contradicted by his testimony that he can only

10  understand simple words and uses his sister's help with forms in 2021.[4]

11    But more importantly, the ability to read more than simple words, or accomplish basic

12  hygiene and food preparation, does not touch on one of the key issues of dispute—Reed's ability

13  to stand and walk.  The ALJ found Reed capable of "light work" during the 2015–2017 period,

14  which requires "standing or walking, off and on, for approximately 6 hours of an 8-hour

15  workday."  But Reed argues this finding is not supported by substantial evidence in part because

16  the records reflects that he could not stand or walk for the period required for "light work."  On

17  this subject, Reed testified at the April 2017 hearing:

18
>        I can't stand right now too long . . . . I've got to say my knees and my
19  > – there's something wrong with me – it's my knees and my lower
>        back, right. I can't stand too long . . . . [I can walk] about a minute, or
20  > as soon as I can spot a seat, that's what I'm going for, or something
>        to lean on as soon as I spot something to stop and grab hold to so I
21  > don't fall . . . . It's the lower back, and the knees now [bothering me].
>        Something happened to where I got a lower back and knee problem.
22  > The knee problem has been there a while. It's got worse. But, now
>        I've got this lower back issue with the nerves running down my legs,
23  > right, well, it make me – sometimes I stumble and fall . . . . I'll fall
>        quite frequently.

24  AR 49–52.

25

26  ─────────────────────

27  [4] Reed's testimony discusses these issues in the present tense, not as occurring during the 2015–
2017 period.  AR 919–20.  Although he was asked if he experienced these issues for his entire life,
his answer does not address that question.  AR 920.

28  Case No.: 5:22-cv-03942-EJD

United States District Court
Northern District of California

Reed also testified at the December 2021 hearing:

> I have a electric power chair I can get around . . . . Sometimes I use a – walker if I can't get the power chair there and other kinds things you – you sit down on and get off, you know, just to have to get up and walk a little bit and sit down . . . In 2015, I was using a shopping cart [to lean on] . . . You know, that if I hurting too bad have somebody pushing you while I get in.

AR 920–21.

The ALJ found Reed has severe degenerative disc disease and osteoarthritis, yet discredited Reed's account of the intensity, persistence and limiting effects of these conditions without examining any of Reed's testimony on the topic, let alone providing clear reasons for rejecting it. Accepting these statements as true, this evidence directly contradicts the ALJ's finding that Reed could stand or walk, off and on, for approximately 6 hours of an 8-hour workday. Therefore, the ALJ's determination was not supported by substantial evidence, and remand is required on this basis alone.[5]

**B.    Remedy**

When an ALJ's decision is premised on legal error or unsupported by substantial evidence, the Court has the discretion to remand for award of benefits or further administrative proceedings. 42 U.S.C. § 405(g); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *see Garrison v. Colvin*, 759 F.3d 995, 1020–21 (9th Cir. 2014). Courts remand with instructions to calculate and award benefits when: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence . . . ; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. The plaintiff must further show that "an evaluation of the record as a whole [does not] create[] serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. It is also appropriate under "Ninth Circuit precedent . . . for the Court to consider the length of time a claimant has been

---

[5] Because the ALJ improperly discounted Reed's testimony, her resulting RFC finding also did not account for all of Reed's limitations. The Court need not review Reed's remaining arguments regarding the weight assigned to medical opinions.

United States District Court
Northern District of California

1    delayed by administrative proceedings." *Norris v. Colvin*, 160 F. Supp. 3d 1251, 1284 (E.D.

2    Wash. 2016) (collecting cases); *see also Benecke*, 379 F.3d at 595 ("Remanding a disability claim

3    for further proceedings can delay much needed income for claimants who are unable to work and

4    are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting

5    the outcome of their appeals and proceedings on remand.") (internal quotation marks omitted).

6            Here, the Court finds remand with instructions to calculate and award benefits appropriate.

7    First, the record is fully developed.  The ALJ has now conducted three separate hearings over the

8    course of two years.  Second, the ALJ's rejection of Reed's testimony was legally insufficient for

9    the reasons discussed above.  And third, the ALJ would be required to find Reed disabled on

10   remand if the improperly discredited evidence were credited as true, and the record does not cast

11   serious doubt on Reed's allegations of disability.  The Court also finds calculation of benefits

12   particularly appropriate considering the significant delay Reed has faced in pursuit of his benefits.

13   Over ten years have passed since Reed first applied for his benefits in 2015.  Reed has now

14   undergone three hearings before the ALJ, a partially successful request for review with the

15   Appeals Council, a successful petition for remand in in the district court, and now, a second

16   successful petition for remand here.  Under these circumstances, the Court finds that "[a]llowing

17   the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play

18   again' system of disability benefits adjudication." *Benecke*, 379 F.3d at 595.

19   **IV.    CONCLUSION**

20           Based on the foregoing, the Court **GRANTS** Reed's motion for summary judgment,

21   **DENIES** the Commissioner's motion for summary judgment, and **REMANDS** for calculation and

22   award of benefits.

23           **IT IS SO ORDERED.**

24   Dated: December 23, 2025

25

26

27                                          _____
                                            EDWARD J. DAVILA
                                            United States District Judge

28   Case No.: 5:22-cv-03942-EJD
     ORDER ON MOTIONS FOR SUMMARY JUDGMENT
                          8

*United States District Court*
*Northern District of California*